APPENDIX F

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1095 Rydal Road, Rydal Executive Plaza, Rydal, PA  19046

Address of Defendant: 15 Mountain View Road, Warren, New Jersey,  07059

Place of Accident, Incident or Transaction: Rydal, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P  7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

**B.** *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Stewart R. Singer , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 4/22/05 _____ _____  62006
                   Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/22/05 _____ _____  62006

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Rightime Econometrics, Inc.,  :
RTE Assest Management          :
                  V            :                Civil Action
                               :                No: _____
Federal Insurance Company      :
                               :

DISCLOSURE STATEMENT FORM

Please check one box:

☒           The nongovernmental corporate party, _Rightime Econometrics_, in the
            above listed civil action does not have any parent corporation and publicly held
            corporation that owns 10% or more of its stock.

☐           The nongovernmental corporate party, _____, in the
            above listed civil action has the following parent corporation(s) and publicly held
            corporation(s) that owns 10% or more of its stock:

            _____
            _____
            _____
            _____

4/22/05                                    _____
Date                                       Signature

            Counsel for: _Plaintiff, Rightime Econometrics, Inc._

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
        (a) Who Must File: Nongovernmental Corporate Party  A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a statement
that identifies any parent corporation and any publicly held corporation that owns 10% or more
of its stock or states that there is no such corporation.
        (b) Time for Filing; Supplemental Filing  A party must:
                (1)     file the Rule 7 1(a) statement with its first appearance, pleading, petition,
                        motion, response, or other request addressed to the court, and
                (2)     promptly file a supplemental statement upon any change in the
                        information that the statement requires.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Rightime Econometrics, Inc., :
RTE Assest Management        :
            V.               :         Civil Action
                             :         No: _____
Federal Insurance Company    :
                             :

DISCLOSURE STATEMENT FORM

Please check one box:

☒        The nongovernmental corporate party, _Rightime Econometrics_, in the
         above listed civil action does not have any parent corporation and publicly held
         corporation that owns 10% or more of its stock.

❑        The nongovernmental corporate party, _____, in the
         above listed civil action has the following parent corporation(s) and publicly held
         corporation(s) that owns 10% or more of its stock:

         _____
         _____
         _____
         _____

_4/22/05_____                        _____
     Date                                  Signature

                    Counsel for: _Plaintiff, Rightime Econometrics,_ Inc.


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
      (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a statement
that identifies any parent corporation and any publicly held corporation that owns 10% or more
of its stock or states that there is no such corporation.
      (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
            (1)   file the Rule 7.1(a) statement with its first appearance, pleading, petition,
                  motion, response, or other request addressed to the court, and
            (2)   promptly file a supplemental statement upon any change in the
                  information that the statement requires.

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Rightime Econometrics, Inc. | Federal Insurance Company |

**(b)** County of Residence of First Listed Plaintiff  **Montgomery**
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant  **New Jersey**
(IN U S PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE LAND INVOLVED

Salmon, Ricchezza, Singer & Turchi
**(c)** Attorney's (Firm Name Address and Telephone Number)
1700 Market St., Suite 3110, Phila., PA
19103; (215) 606-6600

Attorneys (If Known)

Not Known

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U S Government
Plaintiff

☐ 3  Federal Question
(U S Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** ☐ 362 Personal Injury - Med Malpractice | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 340 Marine | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 530 General | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer w/Disabilities - Other | ☐ 540 Mandamus & Other | | |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

*(Labor column):* **LABOR**  ☐ 710 Fair Labor Standards Act  ☐ 720 Labor/Mgmt. Relations  ☐ 730 Labor/Mgmt Reporting & Disclosure Act  ☐ 740 Railway Labor Act  ☐ 790 Other Labor Litigation  ☐ 791 Empl. Ret Inc Security Act

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Declaratory Judgment Action pursuant to 28 USC sec. 2201, 2203
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $                        CHECK YES only if demanded in complaint:
Declaratory Relief      JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY  None
(See instructions):

JUDGE                          DOCKET NUMBER

DATE  4/22/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

JS 44 Reverse (Rev 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed  The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title

(b) County of Residence  For each civil case filed, except U.S  plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing  In U S  plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing   (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved )

(c) Attorneys  Enter the firm name, address, telephone number, and attorney of record  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

**II.**     **Jurisdiction**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P , which requires that jurisdictions be shown in pleadings  Place an "X" in one of the boxes  If there is more than one basis of jurisdiction, precedence is given in the order shown below

United States plaintiff.  (1) Jurisdiction based on 28 U S C  1345 and 1348  Suits by agencies and officers of the United States are included here

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box

Federal question  (3) This refers to suits under 28 U.S.C  1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States  In cases where the U S  is a party, the U S  plaintiff or defendant code takes precedence, and box 1 or 2 should be marked

Diversity of citizenship  (4) This refers to suits under 28 U S C  1332, where parties are citizens of different states  When Box 4 is checked, the citizenship of the different parties must be checked   (See Section III below; federal question actions take precedence over diversity cases )

**III.**     **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above  Mark this section for each principal party

**IV.**     **Nature of Suit**  Place an "X" in the appropriate box  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit  If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin**  Place an "X" in one of the seven boxes

Original Proceedings  (1) Cases which originate in the United States district courts

Removed from State Court  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U S C , Section 1441  When the petition for removal is granted, check this box

Remanded from Appellate Court  (3) Check this box for cases remanded to the district court for further action  Use the date of remand as the filing date

Reinstated or Reopened  (4) Check this box for cases reinstated or reopened in the district court  Use the reopening date as the filing date

Transferred from Another District  (5) For cases transferred under Title 28 U S C  Section 1404(a)  Do not use this for within district transfers or multidistrict litigation transfers

Multidistrict Litigation  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S C  Section 1407  When this box is checked, do not check (5) above

Appeal to District Judge from Magistrate Judgment  (7) Check this box for an appeal from a magistrate judge's decision

**VI.**     **Cause of Action**  Report the civil statute directly related to the cause of action and give a brief description of the cause  **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                                                                       Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint**  Class Action  Place an "X" in this box if you are filing a class action under Rule 23, F R Cv P

Demand  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction

Jury Demand  Check the appropriate box to indicate whether or not a jury is being demanded

**VIII.**     **Related Cases**  This section of the JS 44 is used to reference related pending cases if any  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases

**Date and Attorney Signature**  Date and sign the civil cover sheet

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Rightime Econometrics, Inc., | : | CIVIL ACTION |
| RTE Asset Management | : | |
| v. | : | |
| | : | |
| Federal Insurance Company | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court  (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x )

| | | |
|---|---|---|
| 4/22/05 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 606-6600 | (215)606-6601 | ssinger@srstlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APPENDIX N

## SUMMONS IN A CIVIL ACTION

| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA | |
|---|---|
| Rightime Econometrics, Inc., RTE Asset Management<br>v.<br><br>Federal Insurance Company | CIVIL ACTION NO<br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br>Federal Insurance Company<br>15 Mountain View Road<br>Warren, NJ  07059 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)
Stewart R. Singer, Esq.
Kellie A. Allen, Esq.
Salmon, Ricchezza, Singer & Turchi
1700 Market St., Suite 3110
Philadelphia, PA  19103

an answer to the complaint which is herewith served upon you, within      days after service of this summons upon you, exclusive of the day of service  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: |
|---|---|
| (By) Deputy Clerk | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RIGHTIME ECONOMETRICS, INC., | : | CIVIL ACTION |
| RTE ASSET MANAGEMENT | : | |
| 1095 RYDAL ROAD | : | |
| RYDAL EXECUTIVE PLAZA | : | |
| RYDAL, PA 19046 | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| v. | : | |
| | : | |
| FEDERAL INSURANCE COMPANY | : | |
| 15 MOUNTAIN VIEW ROAD | : | CIVIL ACTION NO. |
| WARREN, NEW JERSEY 07059 | : | |
| | : | |

## COMPLAINT – ACTION FOR DECLARATORY JUDGMENT

Plaintiffs, Rightime Econometrics, Inc., d/b/a RTE Asset Management (hereinafter referred to collectively as "RTE"), by and through their counsel, Salmon, Ricchezza, Singer and Turchi LLP, hereby seek a determination of insurance coverage by this Court, and, in support thereof, aver as follows:

## THE PARTIES

1.     Plaintiff, RTE, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 1095 Rydal Road, Rydal Executive Plaza, Rydal, Pennsylvania, PA 19046.

2.     On information and belief, Defendant, Federal Insurance Company ("Federal") is a corporation organized and existing under the laws of the State of Indiana, with a principal place of business located at 15 Mountain View Road, Warren, New Jersey 07059.

## JURISDICTION

3.    Jurisdiction of this Court is based upon diversity of citizenship of the parties, pursuant to 28 U.S.C. §1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

4.    This action is filed under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. An actual controversy of a justiciable nature exists between the parties, who are citizens of different states, concerning the rights and obligations under an insurance policy issued by Federal to RTE.

5.    All parties who have or claim any interest in the matter in controversy or who would be affected by any declaration made by this Court have been made parties to these proceedings.

## THE UNDERLYING ACTION

6.    RTE has been named as a defendant in the class action, In Re: Alger, Columbia, Janus, MFS, One Group, Pimco and Putnam, United States District Court for the District of Maryland, Baltimore Division, C.A. Nos. 04-MD-15863 and 04cv00560 ("the Putnam Action").

7.    The Consolidated Amended Complaint in the Putnam Action alleges that Putnam Investment Trust and related corporate entities allowed a select group of favored investors to engage in short-term trading or "market timing" of Putnam funds that substantially diminished the returns of long-term buy and hold investors (A true and correct copy of the Consolidated Amended Complaint in the Putnam Action is attached hereto as Exhibit "A").

8.    The Consolidated Amended Complaint in the Putnam Action states that the claims "are asserted on behalf of a Class consisting of all persons who purchased and/or held shares in any mutual fund in the Putnam Family adversely affected by market timing which funds and/or their

{00020516.DOC}                                                          –2–

registrants/issuers were advised by Putnam Investment Management, LLC (the "Funds") during the period October 30, 1998 to October 21, 2003, inclusive (the "Class Period") ... " (¶¶ 1,56).

9.      As described in the Consolidated Amended Complaint, the plaintiff class excludes only the defendants in the Putnam Action, members of their immediate families and their legal representatives, "parents, affiliates, heirs, successors or assigns, and any entity in which any defendant has or had a controlling interest, and any other person who engaged in the unlawful conduct described herein (the 'Excluded Persons')... any officers, directors or trustees of the Excluded Persons, and all trustees and portfolio managers of the Funds" (Id.)

10.      The Consolidated Amended Complaint alleges that the plaintiff class purchased various Putnam Funds during the Class Period (¶¶23-30).

11.      The Consolidated Amended Complaint alleges that during the Class Period, RTE had a "contractual arrangement" with Putnam that allowed RTE's clients to time Putnam funds (¶¶47, 80)

12.      The Consolidated Amended Complaint asserts various claims against RTE and the other defendants, alleging, inter alia, that the defendants engaged in a scheme to deceive the investing public, including the Plaintiff Class, aided and abetted in the breach of fiduciary duties to the Plaintiff Class, and "derived management fees and other benefits... from transactions connected with the Putnam family of funds" and "breached their fiduciary duties to the plaintiffs and members of the Class and breached contracts with plaintiffs and members of the Class... "(¶¶ 198, 200)

## COUNT I
## DECLARATORY JUDGMENT

## THE FEDERAL INSURANCE POLICY

13.      Rightime Econometrics, Inc. d/b/a RTE Asset Management is designated as the "parent organization" under Federal Insurance Company Investment Adviser's Policy no. 7043-0085 ("the

Federal Policy")(A true and correct copy of the pertinent provisions of the Federal Policy is attached hereto as Exhibit "B").

14.    The Federal Policy provides various liability coverages, including Fiduciary Liability, Directors and Officers Liability and Investment Advisers Errors and Omissions Liability.

15.    The Defense and Settlement clause of the Federal Policy provides that Federal "shall have the right and duty to defend any Claim covered by this Policy ... even if any of the allegations are groundless, false or fraudulent".

Investment Advisers Errors and Omissions Liability Coverage

16.    The Investment Advisers Errors and Omissions Liability coverage applies to:

all **Loss** on account of any **Investment Advisers Errors or Omissions Claim** first made against such **Insured** during the **Policy Period** ... for a **Wrongful Act** while performing **Investment Adviser Services**, including failure to perform **Investment Advisers Services**.

17.    The Federal Policy defines "Investment Advisers Errors or Omissions Claim" to include "a civil proceeding commenced by the service of a complaint or similar pleading... brought by or on behalf of a customer of the **Insured** for a **Wrongful Act** or **Interrelated Wrongful Act** by such **Insured** solely while performing **Investment Adviser Services**, including any appeal therefrom".

18.    The Federal Policy defines "Wrongful Act" to mean "any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted or allegedly committed or attempted, before or during the **Policy Period** by any **Insured**".

19.    The Federal Policy defines "Interrelated Wrongful Acts" to mean "all causally connected **Wrongful Acts**".

20.    Federal has refused to defend or indemnify RTE for the claims asserted in the Putnam Action.

21.    Federal has taken the position that the Investment Advisers Errors or Omissions Liability coverage does not apply to the Putnam Action because the action is not "brought by or on behalf of a customer of the Insured", but is brought by or on behalf of shareholders in Putnam Funds who are alleged to have been adversely affected by market timers.

22.    The claims asserted in Consolidated Amended Complaint are brought on behalf of all Class members who held or purchased shares of Putnam Funds during the Class Period (¶¶138, 148-149).

23.    RTE has approximately one thousand clients who purchased and/or held shares in various mutual funds in the Putnam Family during the Class Period.

24.    The Plaintiff Class in the Putnam Action includes those clients of RTE who did not engage in market timing, but purchased or held shares of Putnam Funds that were adversely affected by the alleged market timing.

25.    The Putnam Action is a civil proceeding brought against RTE by or on behalf of those customers of RTE who are members of the Plaintiff Class.

26.    The Putnam Action asserts a claim against RTE for an alleged "Wrongful Act or Interrelated Wrongful Act" by RTE "while performing Investment Adviser Services" within the meaning of the Federal Policy.

27.    The Putnam Action asserts claims against RTE that are within the scope of the Investment Advisers Errors and Omissions Liability coverage of the Federal Policy.

28.    Federal has an obligation to defend and indemnify RTE for the claims asserted in the Putnam Action under the Investment Advisers Errors and Omissions Liability coverage

### Directors & Officers Liability Coverage

29.   Under the Directors and Officers (D&O) Liability coverage, Federal agreed to:

Pay on behalf of an **Insured** all **Loss** on account of any **D&O Claim** first made against an **Insured Person** during the **Policy Period** ... for a **Wrongful Act**.

30.    For several years prior to receiving notice of the Putnam Action, Federal represented to RTE that the Directors & Officers Liability coverage provided coverage for claims against the corporate entity, RTE, as well as claims against its officers and directors (i.e. "entity coverage").

31.    RTE purchased the Federal Policy in reliance upon Federal's representation that the Directors and Officers Liability coverage would provide entity coverage for claims against RTE.

32.    Based on the representations of Federal, RTE reasonably expected that the Directors and Officers coverage of the Federal policy would provide coverage in the event of claims against RTE, as well as claims against its directors and officers.

33.    Upon receipt of notice of the Putnam Action, Federal has taken the position that the Federal Policy does not provide entity coverage to RTE for the claims asserted in the Putnam Action and has refused to defend and/or indemnify RTE.

34.    Federal is estopped from denying coverage to RTE because RTE relied to its detriment on Federal's representations that the Directors and Officers Liability coverage would provide entity coverage for claims against RTE.

35.    RTE seeks a declaration from this Court that Federal has an obligation to provide defense and indemnification to RTE for the Putnam Action.

## COUNT II
### BAD FAITH

36.    RTE incorporates by reference paragraphs one through thirty five of this Complaint as if fully set forth herein.

37.     Federal is obligated to defend and indemnify RTE for the claims asserted in the Putnam Action.

38.     Federal has refused to defend or indemnify RTE for the claims asserted in the Putnam Action.

39.     There is no reasonable basis for Federal's refusal to defend and indemnify RTE for the claims asserted in the Putnam Action.

40.     Federal knows and/or has recklessly disregarded the fact that it lacks a reasonable basis for refusing to defend and/or indemnify RTE for the claims asserted in the Putnam Action.

41.     Federal has acted in bad faith and continues to act in bad faith in refusing to defend and/or indemnify RTE for the claims asserted in the Putnam action.

42.     Pursuant to 42 Pa.C.S. § 8371, RTE is entitled to recover damages, interest, court costs and attorney fees incurred in this action.

WHEREFORE, Plaintiffs, Rightime Econometrics, Inc. d/b/a RTE Asset Management respectfully request that this Honorable Court enter an Order:

(1)     Declaring that the Federal Policy provides coverage to RTE for the Putnam Action;

(2)     Declaring that the claims asserted in the Putnam Action fall within the scope of the Investment Advisers Errors or Omissions Liability coverage of the Federal Policy;

(3)     Declaring that the claims asserted in the Putnam Action fall within the scope of the Directors & Officers Liability coverage of the Federal Policy;

(4)     Declaring that Federal has an obligation to defend and indemnify RTE for the claims asserted in the Putnam Action;

(5)     Declaring that Federal must reimburse RTE for all attorneys fees, costs and expenses that RTE has incurred in the defense of the Putnam Action;

(6)    Declaring that Federal must reimburse RTE for all attorneys fees, costs and

expenses that RTE has incurred in the prosecution of the instant action;

(7)    Granting such other relief as the Court deems appropriate.

SALMON RICCHEZZA SINGER & TURCHI, LLP

BY:  Stewart R. Singer, Esquire
     Kellie A. Allen, Esquire
     1700 Market Street, Suite 3110
     Philadelphia, PA 19103
     (215) 606-6600
     Attorneys for Plaintiff,
     Rightime Econometrics, Inc. d/b/a
     RTE Asset Management