IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RIGHTIME ECONOMETRICS, INC., RTE ASSET MANAGEMENT, <br>          Plaintiffs, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, <br>          Defendant. | Civil Action No. 05-1880 |

MEMORANDUM / ORDER

March 1, 2006

  Defendant Federal Insurance Company ("Federal") moves to dismiss both counts of the complaint filed by plaintiffs Rightime Econometrics, Inc. and RTE Asset Management (cumulatively, "RTE"). Count I of the complaint requests a declaratory judgment that two provisions in the insurance policy issued to RTE by Federal obligate Federal to defend and indemnify RTE in connection with claims asserted against RTE in a pending class action, *In re Alger, Columbia, Janus, MFS, One Group, Pimco and Putnam*, 04-MD-15863, 04-cv-560 (the "Putnam action"). Count II accuses Federal of denying coverage in bad faith. For the reasons discussed below, Federal's motion to dismiss will be denied.

The Putnam action, in which RTE is one of many defendants, accuses the defendants of carrying out a fraudulent "market timing" scheme. The essence of the alleged scheme was that various investors favored by Putnam would execute short-term trades that took advantage of time lags in mutual-fund pricing, all to the detriment of the mutual funds' long-term holders. RTE is named as one of Putnam's favored investors that was permitted to engage in market timing.

RTE's complaint in the instant action cites two insuring clauses in its Federal policy that entitle RTE to coverage for the claims levied against it in the Putnam action: the Investment Advisers Errors and Omissions Liability clause ("E&O clause") and the Directors and Officers Liability clause ("D&O clause").

The E&O clause states: "The Company shall pay on behalf of an Insured all Loss on account of any Investment Advisers Errors or Omissions Claim first made against such Insured during the Policy Period . . . for a Wrongful Act while performing Investment Adviser Services, including failure to perform Investment Adviser Services." The policy defines "Investment Adviser Services" as "services performed or required to be performed by an Insured solely in its capacity as an investment adviser as defined in Section 202(11) of the Investment Advisers Act of 1940 for or on behalf of a customer of an Insured, pursuant to an agreement between such customer and such Insured . . . ." The referenced section of the Investment Advisers Act defines "investment adviser" as: "any person who, for compensation, engages in the business of advising others, either directly or through

2

publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities. . . ." 15 U.S.C. § 80b-2(a)(11).

The D&O clause provides coverage for "any Loss on account of any D&O Claim first made against an Insured Person during the Policy Period . . . ." The term "D&O Claim" is defined in the policy as: "A civil proceeding commenced by the service of a complaint or similar pleading . . . against any Insured Person for a Wrongful Act or Interrelated Wrongful Act by such Insured Person solely in his or her Insured Capacity . . . ." The term "Insured Person" is defined as: "all past, present or future duly elected directors, duly elected or appointed officers, partners, trustees or members of the Insured Organization . . . ."

In its motion to dismiss, Federal contends none of the claims in the Putnam action could possibly be covered by the two insuring clauses cited by RTE. First of all, Federal reads the E&O clause to provide coverage for claims brought against RTE by its clients arising out of RTE's provision of or failure to perform "Investment Adviser Services" *for those clients*. Thus, urges Federal, a claim brought by an RTE client arising out of RTE's provision of investment adviser services to another client is not covered by the E&O clause. RTE does not challenge this reading of the policy language, and I will therefore adopt it for purposes of deciding Federal's motion. On the basis of this construction of the E&O clause, Federal contends that RTE has no viable claim because the plaintiffs in the Putnam action are accusing RTE of wrongdoing only in connection with RTE's provision of investment adviser services to parties other than the plaintiffs. That is, RTE is accused of advising some

3

of its clients to engage in market timing, thereby damaging the Putnam plaintiffs. Thus, contends Federal, the Putnam plaintiffs are not accusing RTE of advising *them* in any unlawful way, and the Putnam plaintiffs' claims therefore fall outside the coverage language of the E&O clause of the Federal policy.

RTE responds by emphasizing that the E&O clause does not require a covered claim to arise from RTE's affirmative advice to the claimant; rather, a covered claim may arise from RTE's failure to provide advice to a claimant. RTE's complaint states that at least 1,000 of its clients are included in the Putnam plaintiff class – thus, the Putnam action contains claims against RTE by RTE clients. Furthermore, RTE characterizes at least some of the Putnam claims as arising out of RTE's alleged failure to provide investment adviser services to the claimants. Therefore, urges RTE, the Putnam action fits within the language of the Federal policy coverage, as it includes claims against RTE by RTE clients arising out of RTE's failure to provide investment adviser services *to those clients*.

A review of the consolidated complaint in the Putnam action leads me to disagree with Federal's characterization of the claims in that case. The Putnam plaintiffs' claims rely not only on defendants' pursuit of a market-timing scheme with some of their clients, but also on defendants' alleged failure to disclose the scheme or its effects to the long-term investors whom defendants encouraged to purchase shares of the relevant mutual funds. Paragraph 138 of the Putnam consolidated complaint, for example, alleges RTE and other defendants "caused plaintiffs and other members of the Class [to] purchase Putnam Funds' shares or

interests at distorted prices and otherwise suffer damages." Paragraph 139 goes on to allege that defendants "made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not true . . . ." These alleged actions by RTE would appear at least potentially to fall within the realm of investment adviser services and/or failure to provide investment adviser services, as defined by the Federal policy. Causing plaintiffs to make a particular investment and failing to advise them of relevant risks appears to fit neatly within the Federal policy's coverage of "Wrongful Act[s] while performing Investment Adviser Services, including failure to perform Investment Adviser Services." It is of no import that the Putnam claims are not brought under the Investment Company Act or the Investment Adviser Act or that RTE is not denominated an "adviser defendant" in the Putnam consolidated complaint. What matters is the substance of the allegations made against RTE, and it appears on the face of the Putnam complaint that the plaintiff class (which, according to RTE's complaint in the case at bar, includes RTE clients) is accusing RTE of advising its members incorrectly, failing to advise them properly, or both. Even under Federal's reading of the policy, therefore, I am not persuaded that dismissal of RTE's claim of entitlement to coverage under the E&O clause at this stage of the litigation is appropriate.

Unlike the E&O clause, the language of the D&O clause unambiguously excludes from coverage the types of claims asserted against RTE in the Putnam action. The Putnam action contains no claims directed at officers or directors of RTE. However, RTE's

complaint alleges Federal has consistently represented to RTE that the D&O clause provides coverage for RTE as an entity regardless of whether there is a claim against a director or officer. Thus, RTE claims a reasonable expectation of coverage for the Putnam action under the D&O clause.

In Pennsylvania – the forum whose law both parties evidently acknowledge as controlling in this case – clear and unambiguous insurance policy language must be disregarded when the insurer has created a contrary reasonable expectation in the insured. *Collister v. Nationwide Life Ins. Co.*, 379 Pa. 579, 594-95 (1978); *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1311 (3d Cir. 1994). This rule applies even when the insured is a sophisticated purchaser. *Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 904-06 (3d Cir. 1997). Taking the factual allegations in RTE's complaint as true, as I must at this stage, I cannot conclude that RTE's expectation of D&O coverage for the Putnam claims is unreasonable as a matter of law. While it is not easy to suppose that RTE could have reasonably expected coverage under the D&O clause in the absence of a claim against an RTE officer or director, RTE's well-pled allegation that Federal consistently represented as much to RTE and thereby induced RTE to purchase the policy raises at least a possibility that RTE can prove its reasonable expectations theory. Accordingly, I cannot dismiss the theory at this initial stage of the litigation.

Federal's final contention is that RTE's bad faith count fails to state a claim and is therefore subject to dismissal. Federal's primary argument in support of this contention is

that Federal correctly denied coverage, and therefore any bad faith claim fails as a matter of law.  Federal is certainly right that, if it could show it correctly denied coverage, a bad faith claim would be untenable.  However, as the analysis above indicates, I cannot conclude at this point that Federal correctly denied coverage.

Federal also seems to argue that RTE's bad faith claim is insufficiently pled.  It is true that, under the heading of the bad faith count, RTE's complaint does little more than state the elements of bad faith – that Federal lacks a reasonable basis for denying coverage and knows or has recklessly disregarded that fact. *See, e.g., Terletsky v. Prudential Property & Casualty Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994).  However, RTE has correctly pled the elements of bad faith, and this court must accept RTE's factual allegations as true on a motion to dismiss.  *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  RTE's claim that Federal knew it lacked a reasonable basis to deny coverage is a factual allegation that I must, for the purpose of ruling on the motion to dismiss, accept as true.  By contrast, RTE's claim that Federal lacked a reasonable basis for denying coverage contains a legal conclusion, which I am not required to accept as true.  However, I have no basis for rejecting RTE's legal conclusion at this stage of the litigation because I find the factual allegations elsewhere in the complaint adequate to support that legal conclusion.  If, for example, Federal did in fact consistently represent to RTE that the D&O clause would cover RTE for claims of the type asserted in the Putnam action, then Federal's denial of D&O coverage for the Putnam action could plausibly be characterized

7

as unreasonable and taken in bad faith. Again, while it may at a later stage of this litigation turn out that RTE is unable to prove its reasonable expectations theory for D&O coverage, now is not the time for this court to consider the strength of RTE's case. The face of the complaint does not reveal any basis for dismissing RTE's bad faith claim.

For the reasons stated above, it is hereby ORDERED that "Federal Insurance Company's Motion to Dismiss the Complaint" (Docket # 7) is DENIED.

BY THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.